**Marquis Aurbach**
Brian R. Hardy, Esq.
Nevada Bar No. 10068
Jennifer L. Micheli, Esq.
Nevada Bar No. 11210
Tabetha J. Steinberg, Esq.
Nevada Bar No. 16756
10001 Park Run Drive
Las Vegas, Nevada 89145
Telephone: (702) 382-0711
Facsimile:  (702) 382-5816
Email: bhardy@maclaw.com
tsteinberg@maclaw.com
  *Attorneys for Non-Party*
  *RICK ASHBY*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| SHANNEL HEAD, an individual; and GEORGE HEAD, an individual,<br><br>　　　　　　　　Plaintiffs,<br><br>vs.<br><br>WHITE PINE COUNTY, a political subdivision of the State of Nevada; WHITE PINE COUNTY SHERIFF'S OFFICE, a political subdivision of the State of Nevada; and Does 1-25,<br><br>　　　　　　　　Defendants. | Case Number: 3:24-cv-00036-MMD-CLB<br><br><br>**ORDER GRANTING STIPULATED PROTECTIVE ORDER** |

Plaintiff seeks to obtain, inspect and copy documents and/or things which Defendants contend contains private and sensitive information, confidential information of Defendants, its officers and employees, its internal investigative and administrative actions, and other confidential information.  Pursuant to an agreement by the Parties, the Court hereby enters the following Order for Protection ("Protective Order"):

## TERMS OF PROTECTIVE ORDER

**I.    DEFINITIONS**

The following definitions apply to the Protective Order:

MAC: 11779-207 (#5717010.2) 1/17/2025 3:01 PM

1. <u>Party.</u>  Any party to this action, including all of its officers, directors, employees, consultants, Experts, and Outside Counsel.  Party, as used in this Protective Order, shall also refer to Defendants, and their officers, agents and employees.

2. <u>Disclosure or Discovery Material.</u>  All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3. <u>"Confidential" Information or Items.</u>  Information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under the law enforcement investigative and/or official information privileges, or that contain Criminal History Information, personal information regarding individuals including Social Security Numbers, dates of birth and information which a person would have a reasonable expectation of privacy.  Confidential information shall also include the parties' contact information disciplinary action of non-party employees, and medical information.

4. <u>Receiving Party.</u>  A Party that receives Disclosure or Discovery Material or Confidential Information from a Producing Party.

5. <u>Producing Party.</u>  A Party or third-party that produces Disclosure or Discovery Material or Confidential Information in this action.

6. <u>Designating Party.</u>  A Party or third-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

7. <u>Protected Material.</u>  Any Disclosure or Discovery Material or Confidential Information that is designated as "Confidential."

8. <u>Outside Counsel.</u>  Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

9. <u>House Counsel.</u>  Attorneys who are employees of a Party.

10. <u>Counsel (without qualifier).</u>  Outside Counsel and House Counsel (as well as their support staff).

MAC: 11779-207 (#5717010.2) 1/17/2025 3:01 PM

11. <u>Expert.</u>  A person with specialized knowledge or experience in a matter pertinent to the litigation retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action.  This definition includes, but is not limited to, a professional jury or trial consultant retained in connection with this litigation.

12. <u>Professional Vendor.</u>  Person or entity that provides litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium; etc.) and its employees and subcontractors.

13. The use of the singular form of any word includes the plural, and vice versa.

## II. SCOPE

The protection conferred by this Protective Order covers not only Protected Material, but also any information copied or extracted therefrom, as well as all copies excerpts, summaries, or compilations thereof, testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

## III. DURATION

Even after the termination of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## IV. DESIGNATING PROTECTED MATERIAL

1. <u>Manner and Timing of Designations.</u>  Except as otherwise provided herein, or as otherwise ordered, material that qualifies for protection under this Order must be clearly designated before it is disclosed or produced.  Designations in conformity with this Order require:

   a. For information in documentary form.  That the Producing Party shall affix the legend "CONFIDENTIAL" on each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate makings in the margins or redacting protected portions).  A Producing Party that makes original documents or materials available for inspection need not designate them for

1 protection until after the inspecting Party has indicated which material it would like
2 copied and produced. During the inspection and before the designation, all of the
3 material made available for inspection shall be deemed "Confidential." After the
4 inspecting Party has identified the documents it wants copied and produced, the
5 Producing Party must determine which documents, or portions thereof, qualify for
6 protection under this Order, and, before producing the specified documents, the
7 Producing Party must affix the appropriate legend on each page that contains Protected
8 Material. If only a portion or portions of the material on a page qualifies for protection,
9 the Producing Party also must clearly identify the protected portion(s) (e.g., by making
10 appropriated markings in the margins or by redacting protected portions).

11     b.    For testimony given in deposition or in other pretrial or trial proceedings.
12 That before the close of the deposition, hearing, or other proceeding, the Party or non-
13 party offering or sponsoring the testimony shall identify on the record all protected
14 testimony and further specify any portions of the testimony that qualify as
15 "Confidential." When it is impractical to identify separately each portion of testimony
16 that is entitled to protection, the Party or non-party that sponsors, offers, or gives the
17 testimony may invoke on the record (before the deposition or proceeding is concluded) a
18 right to have up to thirty (30) days to identify the specific portions or the testimony as to
19 which protection is sought. Only those portions of the testimony that are appropriately
20 designated for protection under the standards set forth herein within the thirty (30) days
21 shall be covered by the provisions of this Protective Order. Upon request of a
22 Designating Party, transcript pages containing Protected Material must be separately
23 bound by the court reporter, who must affix to the top of each such page the legend
24 "Confidential" as instructed by the Party or non-party offering or sponsoring the witness
25 or presenting the testimony.

26     c.    For information produced in some form other than documentary, and for
27 any other tangible items. That the Producing Party affix in a prominent place on the
28 exterior of the container or containers in which the information or item is stored the

MAC: 11779-207 (#5717010.2) 1/17/2025 3:01 PM

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  legend "Confidential." If only portions of the information or item warrant protection, the
2  Producing Party, to the extent practicable, shall identify the protected portions.

3  2. <u>Inadvertent Failure to Designate.</u> Inadvertent failure to identify documents or
4  things as "Confidential" pursuant to this Protective Order shall not constitute a waiver of any
5  otherwise valid claim for protection, provided that the provisions of this paragraph are satisfied.
6  If the Designating Party discovers that information should have been but was not designated
7  "Confidential" or if the Designating Party receives notice that would enable the Designating
8  Party to learn that it has disclosed such information, the Designating Party must immediately
9  notify all other parties. In such event, within thirty (30) days of notifying all other Parties, the
10 Designating Party must also provide copies of the "Confidential" information designated in
11 accordance with this Protective Order. After receipt of such re-designated information, the
12 "Confidential" information shall be treated as required by this Protective Order, and the
13 Receiving Party shall promptly, but in no event more than fourteen (14) calendar days from the
14 receipt of the re-designated information, return to the Designating Party all previously produced
15 copies of the same unlegended documents or things. The Designating Party and the Parties may
16 agree to alternative means. The Receiving Party shall receive no liability, under this Protective
17 Order or otherwise, for any disclosure of information contained in unlegended documents or
18 things occurring before the Receiving Party was placed on notice of the Designating Party's
19 claims of confidentiality.

20 **V.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

21 3. <u>Meet and Confer.</u> A Party that elects to initiate a challenge to a Designating
22 Party's confidentiality designation must do so in good faith and must begin the process by
23 conferring with counsel for the Designating Party. The challenging Party must give the
24 Designating Party an opportunity of not less than ten (10) calendar days to review the designated
25 material, to reconsider the circumstances, and, if no change in the designations is offered, to
26 explain in writing the basis for the confidentiality designation.

27 4. <u>Judicial Intervention.</u> A Party that elects to press a challenge to a confidentiality
28 designation after considering the justification offered by the Designating Party may file and

MAC: 11779-207 (#5717010.2) 1/17/2025 3:01 PM

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

1  serve a motion that identifies the challenged material and sets forth in detail the basis for the
2  challenge. Until the Court rules on the challenge, all parties shall continue to afford the material
3  in question the level of protection to which it is entitled under the Producing Party's designation.
4  The burden to establish the propriety of a confidentiality designation shall be on the Designating
5  Party.

6  **VI.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7      1.    <u>Basic Principles.</u>  A Receiving Party may use Protected Material that is disclosed
8  or produced by another Party or by a third-party in connection with this case solely for the
9  limited purposes of prosecuting, defending, attempting to settle, or settling this action. Such
10 Protected Material may be disclosed only to the categories of persons and under the conditions
11 described in the Protective Order. Protected Material must be stored and maintained by a
12 Receiving Party at a location and in a secure manner that ensures that access is limited to the
13 persons authorized under this Protective Order.

14     2.    <u>Disclosure of "Confidential" Information or Items.</u>  Unless otherwise ordered by
15 the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any
16 information or item designated Confidential only to:

17     a.    The Parties to this action and the Receiving Party's Outside Counsel of
18 record in this action, as well as employees of said Counsel to whom it is reasonably
19 necessary to disclose the information for this litigation. Counsel of Record shall be
20 responsible for advising all of their staff of the existence of, and their confidentiality
21 obligations under, the Protective Order, and shall be responsible for any non-compliance
22 with the Protective Order by members of their staff that have not signed an agreement to
23 be bound by the Protective Order;

24     b.    The officers, directors, and employees of the Receiving Party to whom
25 disclosure is reasonably necessary for this litigation and who have signed or have agreed
26 under oath and on the record to be bound by the "Agreement to Be Bound by Protective
27 Order" (Exhibit A);

28

MAC: 11779-207 (#5717010.2) 1/17/2025 3:01 PM

**MARQUIS AURBACH**
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

   c. Experts of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed or have agreed under oath and on the record to be bound by the "Agreement to Be Bound by Protective Order" (Exhibit A);

   d. The Court and its personnel, including (without limitation) jurors;

   e. Court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

   f. During their depositions or at trial, witnesses in the action to whom disclosure is reasonably necessary. Witnesses will not be permitted to retain copies of Protected Material unless they have signed or agreed under oath and on the record to be bound by the "Agreement to Be Bound by Protective Order" (Exhibit A). Upon request of a Designating Party, pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order;

   g. The author of the document or the original source of the information and recipients or addressees in the normal course of business; and

   h. Any neutral third-party intermediary to whom disclosure is reasonably necessary to assist in settlement discussions and negotiations.

  Notwithstanding the preceding of this paragraph VI(2), a Party that has produced its, his or her own Protected Material may disclose such Protected Material to any persons, with or without any conditions placed upon such disclosure, as the Party deems appropriate.

  3. <u>Trial and Dispositive Motion Disclosure:</u> For the purpose of trial and/or dispositive motions, the parties acknowledge that a "strong presumption in favor of access" exists. A party seeking to seal a judicial record at trial and/or the dispositive motions stage bears the burden of establishing "compelling reasons" by "articulating compelling reasons supported by specific factual findings," that outweigh the public policies favoring disclosure.[1]

---

[1] *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

MAC: 11779-207 (#5717010.2) 1/17/2025 3:01 PM

4. <u>Disclosure of Possession of Confidential Information.</u>  All persons described in paragraph VI above shall not under any circumstances sell, offer for sale, advertise, or publicize either the Confidential Information or the fact that such persons have obtained Confidential Information.

## VII. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential" the Receiving Party must so notify the Designating Party, in writing (by fax or email if possible) immediately and in no event more than seven (7) calendar days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must within ten (10) calendar days inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order and deliver to such party a copy of this Protective Order.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.  Once notice is given, and five business days have elapsed, the receiving party shall have no further liability for disclosure pursuant to a subpoena or its equivalent.

## VIII. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately and within not more than seven (7) calendar days: (a) notify in writing (using best efforts to use email or fax) the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of the Protective Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement

MARQUIS AURBACH
10001 Park Run Drive
Las Vegas, Nevada 89145
(702) 382-0711 FAX: (702) 382-5816

to Be Bound" (Exhibit A). The Receiving Party shall promptly notify the Designating Party of the results of its efforts with regards to (b), (c), and (d) herein. After a good-faith meet-and-confer effort to resolve and remaining disputes concerning compliance with this paragraph, and Party, Receiving Party or Designating Party may seek relief from this Court for non-compliance with this provision. Said relief may include, but is not limited to, preclusion of the Receiving Party's use in this litigation of the Protected Material that was disclosed contrary to this Protective Order, or any other sanction deemed appropriate by the Court.

### IX.   PUBLICLY AVAILABLE OR PREVIOUSLY POSSESSED INFORMATION

The restrictions in the preceding paragraphs regarding disclosure or Protected Material do not and shall not apply to information or material that: was, is, or becomes public knowledge in a manner other than by violation of the Protective Order, is acquired by the non-designating party from a third-party having the right to disclose such information or material; or was lawfully possessed by the non-designating party before the date of this Protective Order. The Designating Party shall act in good faith to notify the Receiving Party of any change in circumstances that renders Confidential Information or Items no longer Confidential within a reasonable time period after the change becomes known to the Designating Party.

### X.   FILING PROTECTED MATERIAL

With respect to non-dispositive motions and pleadings, Protected Material or information derived therefrom is included with, or the contents of such a document are disclosed in, any documents filed with the Clerk or this Court or any other court, the filing Party shall file said document under seal and in accordance with Local Rule 10-5(b). Unless otherwise agreed by the Parties to permit service by some other means such as by email or facsimile, copies of any pleading, brief or other document containing Protected Material that is served on opposing counsel shall be delivered in a sealed envelope stamped: CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER and shall be treated in accordance with the provisions of this Protective Order. Subject to the Court's convenience and needs, all material files in this fashion will be kept under seal by the Clerk until further order from the Court.

MAC: 11779-207 (#5717010.2) 1/17/2025 3:01 PM

## XI. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days of a written request, after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. If the Designating Party does not give permission in writing to destroy the Protected Material in lieu of returning it, the Designating Party shall pay for the time and cost of staff to locate the material and return it. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Additionally, no Party shall be required to conduct e-mail searches to locate the existence of Protected Material that may have been transmitted electronically in compliance with this Order. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth herein. In the event of an appeal, "Final Disposition" shall not occur until the conclusion of all appeals.

## XII. ADDITIONAL PROVISIONS

1. <u>Modification.</u> The Parties may modify this Protective Order by written agreement, subject to approval by the Court. The Court may modify this Protective Order.

2. <u>Right to Assert Other Objections.</u> This Protective Order does not affect or waive any right that any Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order. Similarly, this Protective Order does not affect or waive any Party's right to object on any ground to use in evidence any of the material covered by this Protective Order.

3. <u>Privileges Not Waived.</u> This Protective Order does not affect or waive any applicable privilege or work product protection, or affect the ability of a Producing Party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

MAC: 11779-207 (#5717010.2) 1/17/2025 3:01 PM

4.      Third-Party Protections.  Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Protective Order by written notice to the Parties' respective counsel or by oral notice at the time of any deposition or similar proceeding.

5.      Obligations to Third Parties.  Nothing herein shall operate to relieve any Party or non-party from any pre-existing confidentiality obligations currently owed by any Party or non-party to any other Party or non-party.

6.      Retention of Completed "Acknowledgment and Agreement to Be Bound" Forms (Exhibit A).  Completed "Acknowledgement and Agreement to Be Bound" Forms (Exhibit A) ("form") shall be maintained by the Party that obtained the completed form pursuant to this Protective Order.  The Party retaining the completed form shall produce the form to resolve any good faith challenge by a Party or Designating Party or dispute concerning whether a person who is obligated under this Protective Order to complete the

/ / /

/ / /

/ / /

MAC: 11779-207 (#5717010.2) 1/17/2025 3:01 PM

form did so properly and complied with the representations in the form and this Protective Order. If the parties are unable to resolve any such disputes or challenges through a good faith meet and confer process, the challenging Party or Designating Party may seek appropriate relief from this Court.

IT IS SO STIPULATED this 17th day of January, 2025.

| MARQUIS AURBACH | WOOLDRIDGE LAW LTD |
|---|---|
| By: */s/ Tabetha J. Steinberg*<br>Brian R. Hardy, Esq.<br>Nevada Bar No. 8996<br>Tabetha J. Steinberg, Esq.<br>Nevada Bar No. 16756<br>10001 Park Run Drive<br>Las Vegas, Nevada 89145<br>Attorneys for Non-Party Rick Ashby | By: */s/ Ranojoy Guha*<br>Nicholas Wooldridge, Esq.<br>Nevada Bar No. 8732<br>400 S. 7th Street, Suite 400<br>Las Vegas, Nevada 89101<br>Ranojoy Guha, Esq. (Admitted Pro Hac Vice)<br>Jonathan A. Weinman, Esq. (Admitted Pro Hac Vice)<br>Attorneys for Plaintiffs Shannel Head and George Head |

LEMONS GRUNDY & EISENBERG

By: */s/ Rebecca Bruch*
    Rebecca Bruch, Esq.
    Nevada Bar No. 7289
    6005 Plumas Street, 3rd Floor
    Reno, Nevada 89519
    Attorneys for Defendants White Pine County and White Pine County's Sheriff's Office

## ORDER

**The Court will only retain jurisdiction over this protective order while the case is pending, and its jurisdiction will cease upon dismissal of the case.**

**IT IS SO ORDERED.**

**DATED:** January 21, 2025

_____
United States Magistrate Judge

MAC: 11779-207 (#5717010.2) 1/17/2025 3:01 PM

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, have read in its entirety and understand the Protective Order that was issued by the United States District Court, for the District of Nevada on _____, 2024, in the case of *Shannel Head et al. v. White Pine County et al.* Case No. 3:24-cv-00036-MMD-CLB. I agree to comply with and to be bound by all terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order that any person entity except in strict compliance with the provisions of this Order. Further, I solemnly promise that I will not offer to sell, advertise or publicize that I have obtained any Protected Material subject to this Protective Order.

At the conclusion of this matter, I will return all Protected Material which came into my possession to counsel for the party from whom I received the Protected Material, or I will destroy those materials. I understand that any Confidential Information contained within any summaries of Protected Material shall remain protected pursuant to the terms of this Order.

I further agree to submit to the jurisdiction of the United States District Court, for the District of Nevada for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

I certify under the penalty of perjury that the foregoing is true and correct.

Date: _____

City and State where signed: _____

Printed name: _____

Address: _____

Signature: _____

MAC: 11779-207 (#5717010.2) 1/17/2025 3:01 PM